## Bannon, Appellant, *v.* Huckenstein.

*Ejectment—Evidence—Conflicting testimony.*

In an action of ejectment by B. against H. it appeared that H. conveyed the land in controversy to D. It was agreed that H. was to retain possession until the purchase money was paid. D. failed to pay a balance of the purchase money, but agreed to reconvey the legal title when repaid the portion of purchase money paid by him. D. conveyed the land to the plaintiff, B., who was his aunt. The evidence for the defendant tended to show that the purchase money had all been repaid to D. There was also evidence that the plaintiff had declared that she would transfer the property to H. when D. had been repaid. The evidence on both these subjects was contradicted by the plaintiff. *Held,* that a verdict and judgment for defendant should be sustained.

Argued Oct. 22, 1901. Appeal, No. 119, Oct. T., 1901, by plaintiff, from judgment of C. P. Beaver Co., June T., 1900, No. 130, on verdict for defendant in case of Rose Bannon v. John Huckenstein et al. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Ejectment for land in Hopewell township. Before Wilson, P. J.

The facts appear by the opinion of the Supreme Court.
Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* amongst others was in submitting the case to the jury.

*R. B. Petty,* with him *J. F. Reed,* for appellant.

*W. H. S. Thomson,* with him *S. S. Robertson,* for appellee.

Opinion by Mr. Chief Justice McCollum, Jan. 6, 1902:
John Huckenstein conveyed to F. Dorris the property in suit, situate at Shannopin, Beaver county, together with four other properties in the city of Allegheny, by three deeds, two being made on June 23, and the other on July 11, 1893, the

whole constituting one transaction.   The conveyances were made for the consideration of $8,500, exclusive of certain mortgage incumbrances on the several properties.   At the time the conveyances were made it was agreed that Huckenstein should retain possession of all the properties until the purchase money was fully paid.   Dorris paid to Huckenstein $2,300 in September, 1893, and being unable to pay the purchase money, Dorris and Huckenstein agreed that Dorris should reconvey to Huckenstein all the Allegheny properties at once, and should also reconvey the Shannopin property when Dorris was repaid the money which he had paid out in the transaction.   In pursuance of this agreement, the Allegheny properties were reconveyed, and Huckenstein subsequently repaid to Dorris the purchase money which the latter had paid to him.

John Thomas of Allegheny City was secretary of the building committee of the Sandusky St. Baptist Church, which was being built in 1893, and John Huckenstein was the contractor. Thomas testified that the balance of Huckenstein's account was assigned to Dorris, and that he as secretary ascertained the balance due to Huckenstein from the building committee and paid over the same to Dorris who received the sum of $1726.02, or the entire amount due to Huckenstein from said committee.   It should be stated in this connection that Dorris denied having received from Huckenstein directly any portion of the balance that was assigned to him, but he admits that he received from that balance $600 which Young as attorney for Huckenstein paid over to him.   It should also be mentioned here that Huckenstein paid to Dorris $600 in 1894 or in 1895, and that Dorris was not able to controvert the payment.   The testimony of Huckenstein and Thomas appears to have been more convincing and satisfactory than the testimony of Dorris, and this appears to have been so regarded by the jury.

Huckenstein called upon Rose Bannon, an aunt of Dorris, in the years of 1894 and 1895.   Dorris's home was with his aunt, but he avoided a settlement with Huckenstein and she apologized for his delays and assured Huckenstein that he would settle their matters soon.   These apologies and assurances were not fulfilled, and in 1898 Dorris conveyed to Bannon the land in suit.   That Bannon was familiar with the transactions beteen Dorris and Huckenstein long before she re-

ceived the conveyance from Dorris admits of no reasonable doubt. It is plain enough that she sought to assist Dorris in the execution of his scheme to defeat Huckenstein of his rights under the agreement respecting possession of the land until the matters were settled between them. Kirlin testified that on hearing of the conveyance from Dorris to Bannon he said to her: "How about this property; I see that it has been transferred to you, and Dorris held it in trust for us people." To this she replied, "I will tell you what it is: when you pay Dorris, you and the balance of you, and Huckenstein, I will transfer the property back to you." The testimony of Dorris and his aunt was not sufficient to convince the jury that the testimony of Huckenstein, Thomas and Kirlin was false nor that their own testimony was truthful and reliable. On the contrary the jury were satisfied that the testimony of Huckenstein, Thomas and Kirlin fairly sustained the defendant's contention. It follows that no error was committed by the court and that the judgment was properly entered by the learned court below.

Judgment affirmed.